**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AGILIANCE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| TELOS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Agiliance, Inc. ("Agiliance") hereby alleges for its Complaint against defendant Telos Corporation ("Telos") as follows:

**NATURE OF THE ACTION**

1. This is an action for a declaration of non-infringement and invalidity of two patents purportedly owned by Telos. Telos has recently threatened litigation against Agiliance for allegedly infringing these patents by marketing and selling its RiskVision™ product. Agiliance disputes that it infringes any valid claim of these patents. An actual controversy has arisen and now exists between Agiliance and Telos regarding these patents of sufficient immediacy to warrant the issuance of a declaratory judgment.

**PARTIES**

2. Plaintiff Agiliance is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 845 Stewart Drive, Suite D, Sunnyvale, California 94085.

3. Upon information and belief, defendant Telos is a corporation organized and existing under the laws of the state of Maryland, having a principal place of business at 19886 Ashburn Road, Ashburn, Virginia 20147.

## THE PATENTS

4. Telos purports to be the owner of the right, title, interest and application in, to and for U.S. Patent 6,901,346 B2 ("the '346 Patent") entitled "System, Method and Medium for Certifying and Accrediting Requirements Compliance."  A copy of the '346 Patent is attached hereto as Exhibit A.

5. Telos purports to be the owner of the right, title, interest and application in, to and for U.S. Patent 6,980,927 B2 ("the '927 Patent") entitled "Enhanced System, Method and Medium for Certifying and Accrediting Requirements Compliance Utilizing Continuous Risk Assessment."  A copy of the '927 Patent is attached hereto as Exhibit B.

## FACTUAL BACKGROUND

6. Agiliance's RiskVision™ platform is an integrated, purpose-built platform that offers an agile, modular approach to managing enterprise risk.  Agiliance markets its RiskVision™ platform across the United States, including in Delaware, and in select European and Asian countries.

7. Telos purports that the technology disclosed by the '346 and '927 Patents is "incorporated into its products, Xacta IA Manager or XIAM."  (*See* Cease and Desist Letter, Exhibit C).  Telos further purports that its "Xacta solution is the dominant provider of continuous certification and is used throughout the Department of Defense, intelligence communities and civilian government," and that "[t]o date, [it has] performed over 5,000 certifications and [its Xacta] product has been adopted as the risk management framework for

numerous enterprises." (*See* Telos 2013 10-K attached hereto as Exhibit D at 3). On information and belief, Telos markets and sells its Xacta IA Manager or XIAM products across the United States, including in Delaware.

8. Telos has maintained continuous and systematic contacts with Delaware through at least its marketing, selling, and use of its products in Delaware. By way of example, Telos has been awarded purchase orders for its products by the 436th Contracting Squadron at Dover Air Force Base in Dover, Delaware, and on information and belief, Telos has sold products for use at, and its products are used by, Dover Air Force Base. (*See* Exhibit E).

9. Telos has formed a number of subsidiaries in Delaware. By way of example, Xacta Corporation; Ubiquity.com, Inc.; Telos Delaware, Inc.; Teloworks, Inc.; and Telos Identity Management Systems Solution, LLC (*dba* Telos ID) are (or were) subsidiaries of Telos organized and existing under the laws of the state of Delaware.

10. On information and belief, certain of these Delaware entities actively market, sell, and provide services related to the Telos Xacta IA Manager product allegedly covered by the '346 and '927 Patents, including in Delaware, and Telos directs and controls these activities. For instance, Telos purports to "own all of the issued and outstanding share capital of Xacta Corporation, a [Delaware] subsidiary that develops, markets and sells government-validated secure enterprise solutions to government and commercial customers." (*See* Exhibit D at 33). Telos has described "Xacta® Corporation, a Telos Company" as providing "Government-validated security management solutions for the Government and Industry," including the "Xacta IA Manager" product. (*See* Exhibit F). On information and belief, Xacta Corporation shares the same headquarters and much of the same management team (including President, CEO, Chairman of the Board, Chief Operating Officer, and Chief Financial Officer) as Telos.

3

11. On December 6, 2013, the President and Chief Executive Officer for Agiliance met with John Wood, President and Chief Executive Officer for Telos (and, on information and belief, President and Chief Executive Officer for Xacta Corporation), and Richard Tracy, Chief Security and Chief Technology Officer for Telos (and, on information and belief, Chief Security Officer for Xacta Corporation) to discuss potential collaborative efforts to cross-market the parties' products in commercial and federal markets.  During that meeting, Telos threatened Agiliance with possible litigation involving the '346 and '927 Patents.  Later that day, and after the meeting, Mr. Tracy sent an email to Agiliance's President and Chief Executive Officer attaching copies of the '346 and '927 Patents and asserting that "there is overlap between your capabilities and Telos patented IP."

12. On February 17, 2014, Mr. Tracy sent another email to Agiliance's President and Chief Executive Officer to "[f]ollow[] up on [Telos'] concern that Agiliance technology infringes our patents."

13. On October 1, 2014, Telos sent a "cease and desist" letter to the attention of Agiliance's President and Chief Executive Officer.  A true and correct copy of that letter is attached hereto as Exhibit C.  This letter accused Agiliance's RiskVision™ platform of infringing the '346 and '927 Patents, and demanded "that Agiliance immediately cease and desist from any further sale or distribution of products that infringe the Telos Patents."  The letter further requested that Agiliance "provide to us the number of units of the infringing product you have sold in the past" by October 10, 2014, and stated that "a failure to comply with this demand may expose Agiliance to liability for willful and deliberate infringement of Telos' patent rights under 35 U.S.C. §§ 271, 283-285 and 289."  Telos concluded its letter by stating that it "expressly reserves the right to pursue any and all rights and remedies for past

and ongoing infringement available at law or in equity, including, without limitation, the rights and remedies afforded under the applicable laws of the United States and other jurisdictions."

14. Agiliance has considered the '346 and '927 Patents and their relevance to Agiliance's RiskVision™ platform. Agiliance does not agree that it infringes any valid claim of the '346 and '927 Patents. Agiliance has the right to continue sales of its RiskVision™ platform without any legal cognizance to the '346 and '927 Patents.

**JURISDICTION AND VENUE**

15. This is an action under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for a declaration pursuant to the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

16. The court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17. Based on all the circumstances referenced in the forgoing paragraphs, a definite and concrete controversy exists between Agiliance and Telos that is both real and immediate with respect to the '346 and '927 Patents. The acts of Telos have created in Agiliance a reasonable apprehension that, as a result of Agiliance's continuing manufacture, use and sale of its RiskVision™ platform, Agiliance will be sued for infringement of the '346 and '927 Patents.

18. This Court has personal jurisdiction over Telos because, on information and belief, Telos has continuous and systematic contacts with Delaware in the normal course of its business and because a substantial part of the events which gave rise to the claims herein occurred in Delaware.

19. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because a substantial part of the events which gave rise to the claims herein occurred in this district and because Telos is subject to personal jurisdiction in this district.

## GENERAL ALLEGATIONS

### Count 1:  Declaration Of Non-Infringement Of The '346 Patent

20. Plaintiff restates and incorporates by reference each of the averments of the forgoing paragraphs of this Complaint.

21. Agiliance is not infringing, has not infringed, and is not liable for any infringement of any valid claim of the '346 Patent.

22. Agiliance seeks and is entitled to a declaratory judgment that it has not infringed (either directly or indirectly) any valid claim of the '346 Patent.

### Count 2:  Declaration Of Non-Infringement Of The '927 Patent

23. Plaintiff restates and incorporates by reference each of the averments of the forgoing paragraphs of this Complaint.

24. Agiliance is not infringing, has not infringed, and is not liable for any infringement of any valid claim of the '927 Patent.

25. Agiliance seeks and is entitled to a declaratory judgment that it has not infringed (either directly or indirectly) any valid claim of the '927 Patent.

### Count 3:  Declaration Of Invalidity Of The '346 Patent

26. Plaintiff restates and incorporates by reference each of the averments of the forgoing paragraphs of this Complaint.

27. The claims of the '346 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, one or more

of §§ 101, 102, 103, and 112.  The claims of the '346 Patent are invalid because, among other things, there is prior art, not considered by the U.S. Patent and Trademark Office in issuing the patent, that anticipates and or renders obvious the claims.  On information and belief, one or more of the limitations of the '346 Patent claims fail to satisfy the requirements of 35 U.S.C. § 112 because those limitations are indefinite, lack adequate written description, and/or are not adequately enabled by the specification.  The claims of the '346 Patent are also invalid pursuant to 35 U.S.C. § 101 because, among other things, they are directed to the abstract idea of certification and accreditation as performed by a generic computer.

28. Agiliance seeks and is entitled to a declaratory judgment that the claims of the '346 Patent are invalid.

### Count 4:  Declaration Of Invalidity Of The '927 Patent

29. Plaintiff restates and incorporates by reference each of the averments of the forgoing paragraphs of this Complaint.

30. The claims of the '927 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, one or more of §§ 101, 102, 103, and 112.  The claims of the '927 Patent are invalid because, among other things, there is prior art, not considered by the U.S. Patent and Trademark Office in issuing the patent, that anticipates and or renders obvious the claims.  On information and belief, one or more of the limitations of the '927 Patent claims fail to satisfy the requirements of 35 U.S.C. § 112 because those limitations are indefinite, lack adequate written description, and/or are not adequately enabled by the specification.  The claims of the '927 Patent are also invalid pursuant to 35 U.S.C. § 101 because, among other things, they are directed to the abstract idea of certification and accreditation as performed by a generic computer.

31. Agiliance seeks and is entitled to a declaratory judgment that the claims of the '927 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Agiliance respectfully requests that this Court enter judgment in its favor and against Telos, granting the following relief:

A. For judgment declaring that Agiliance does not infringe a valid claim of the '346 Patent;

B. For judgment declaring that Agiliance does not infringe a valid claim of the '927 Patent;

C. For judgment declaring the claims of the '346 Patent invalid;

D. For judgment declaring the claims of the '927 Patent invalid;

E. For a permanent injunction barring Telos, its successors, assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce either the '346 or '927 Patents against Agiliance or any parent, affiliate, or subsidiary of Agiliance, or its respective officers, agents, employees, successors, and assigns;

F. For a declaration that this is an exceptional case and award Agiliance its attorneys' fees pursuant to 35 U.S.C. § 285; and

G. For such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure, Agiliance demands a trial by jury of all issues so triable in this matter.

        Respectfully submitted,

        SEITZ ROSS ARONSTAM & MORITZ LLP

        */s/ Benjamin J. Schladweiler*
        Benjamin J. Schladweiler (#4601)
        100 S. West Street, Suite 400
        Wilmington, DE  19801
        (302) 576-1600
        bschladweiler@seitzross.com

        *Counsel for Plaintiff Agiliance, Inc.*

Dated:  October 20, 2014